UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 5:11-cr-00355-EJD-17 |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S SECOND § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE** |
| JOSE ANGEL MORENO, | |
| Defendant. | Re: Dkt. No. 983 |

Before the Court is Defendant Jose Angel Moreno's second 28 U.S.C. § 2255 motion to vacate and correct his conviction and sentence. 28 U.S.C § 2255 Second Motion to Vacate ("Mot."), Dkt. No. 983. On October 6, 2020, the Government filed its response to Defendant's motion and requested that the Court resentence Defendant. Government's Response to 2255 and Request for Plenary Re-Sentencing ("Response"), Dkt. No. 1035. Thereafter, on October 7, 2020, Defendant filed his reply. Reply to Government's Response to § 2255 Motion and Request for Plenary Resentencing ("Reply"), Dkt. No. 1036. For the foregoing reasons, Defendant's motion is **GRANTED**.

I.   **BACKGROUND**

On May 5, 2016, Defendant entered into a plea agreement and pled guilty to two charges: racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1) and use or possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 4). *See* Mot. On August 4, 2016 the Court sentenced Defendant to 160 months in custody. *Id*. Pursuant to the sentencing order, Defendant received 100 months for Count 1 and a 60-month

mandatory consecutive sentence for Count 4. Dkt. No. 606. Defendant is currently incarcerated at USP Tucson, with a scheduled release date of July 20, 2025. *See Federal Bureau of Prisons Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2020).

In June 2019, the United States Supreme Court held that 18 U.S.C. § 924(c)'s residual clause (which Defendant was charged and sentenced under) is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2323-24 (2019). In light of *Davis*, Defendant moves under 28 U.S.C. § 2255 for his conviction and sentence to be vacated, set aside, and corrected.

## II. LEGAL STANDARD

A federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If the court finds that relief is warranted, it must vacate and set aside the judgment and then discharge the prisoner, resentence him, grant a new trial, or correct the sentence as may appear appropriate. *Id.* § 2255(b). A court may retroactively apply a constitutional rule of criminal procedure to a prisoner's conviction and sentence if: (1) it places a class of conduct beyond the authority of the criminal law to proscribe or (2) it announces a watershed rule of criminal procedure. *See United States v. Brown*, 415 F. Supp. 3d 901, 904 (N.D. Cal. 2019).

## III. DISCUSSION

On June 24, 2019, the United States Supreme Court held that the residual clause—the very statute Defendant was convicted under for Count Four—is unconstitutionally vague. *Davis*, 139 S. Ct. at 2323-24. The Government does not dispute that *Davis* applies retroactively or that it requires the Court to vacate Defendant's § 924(c) conviction, *i.e.*, Count Four. *See* Response at 1. Accordingly, the Court **GRANTS** Defendant's § 2255 motion and vacates Defendant's § 924(c)(1)(A) and 2 conviction and sentence.

The Government instead argues that this Court should resentence Defendant on the remaining count of conviction, *i.e.* Count One. *See id.* But, "the usual remedy is to set aside the counts on which illegal convictions were obtained and to leave untouched the valid convictions."

Case No.: 5:11-cr-00355-EJD-17
ORDER GRANTING DEFENDANT'S SECOND § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE

2

*United States v. Barron*, 172 F.3d 1153, 1160 (9th Cir. 1999).  The court has "wide discretion" to issue whatever remedy it deems "appropriate."  *Troiano v. United States*, 918 F.3d 1082, 1086 (9th Cir. 2019) (holding that the standard of review for a district court's determination of the appropriate remedy in a § 2255 is abuse of discretion); *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) (Section 2255 confers on district courts "broad and flexible power" to craft an appropriate remedy).  Just recently, this Court declined to hold a resentencing hearing in two comparable cases.  *See United States v. Cardenas*, 2019 WL 7020193 (N.D. Cal. Dec. 20, 2019); *see also United States v. Cisneros*, 2020 WL 4349825 (N.D. Cal. July 29, 2020).  As in *Cardenas* and *Cisneros*, there is no need to hold a resentencing hearing because the Court can easily excise the 18 U.S.C. § 924(c) conviction and sentence, while leaving the 18 U.S.C. § 1962(d) count intact.  *See id*. at *2; *see also Brown*, 415 F. Supp. 3d at 907 (declining to hold a resentencing hearing due to the "straightforward nature of correcting [the defendant's] conviction and sentence").  Indeed, "[t]he government recognizes that the Court's decision whether to conduct a plenary resentencing is within the Court's sound discretion."  Response at 1.

Here, the Court can easily correct Defendant's conviction and sentence without having a sentencing hearing.  Defendant received 100 months for count 1 and a 60-month consecutive sentence for Count 4.  Defendant is currently serving his 100-month sentence.  He has not yet begun serving his 60-month sentence.  The Court can thus excise the 60-month sentence and correct Defendant's conviction and sentence without having a resentencing hearing.  *See Brown*, 415 F. Supp. 3d at 907.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's 18 U.S.C. § 924(c) conviction and sentence are vacated.  Nothing in this Order shall be construed as affecting Defendant's remaining incarceration.

Case No.: 5:11-cr-00355-EJD-17
ORDER GRANTING DEFENDANT'S SECOND § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE

3

1    **IT IS SO ORDERED.**

2    Dated: October 29, 2020

3    _____
4    EDWARD J. DAVILA
     United States District Judge

Case No.: 5:11-cr-00355-EJD-17
ORDER GRANTING DEFENDANT'S SECOND § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE

4